IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff/Respondent,

v.                                  No. 14-cv-0865 MCA/SMV
                                        09-cr-2258 MCA

BILL MELOT,

       Defendant/Petitioner.

**ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition [CV Doc. 28; CR Doc. 341][1] ("PF&RD"), issued on April 20, 2015. On reference by the undersigned, the Honorable Stephan M. Vidmar, United States Magistrate Judge, found that all claims in Defendant/Petitioner (hereinafter "Petitioner") Bill Melot's Motion to Vacate Judgment and Sentence Pursuant to 28 U.S.C. § 2255 [CV Docs. 1, 2; CR Docs. 316, 317] and supplements [CV Docs. 19, 20, 22, and 23; CR Docs. 330, 333, 335, and 336] (collectively, "§ 2255 Motion") were without merit. *See generally* [CV Doc. 28; CR Doc. 341] at 4–45 (addressing the merits of all claims). Judge Vidmar recommended that the Court deny the claims raised in the § 2255 Motion and dismiss the case with prejudice. *Id.* at 45. Petitioner timely filed objections on June 3, 2015, and requests an evidentiary hearing on the portions of the PF&RD to which he objects. [CV Doc. 37; CR Doc. 350]. The Court, being fully advised in the premises, will OVERRULE the objections, DENY Petitioner's request for an

---

[1] References that begin with "CV" are to case number 14-cv-0865 MCA/SMV. References that begin with "CR" are to the underlying criminal case, 09-cr-2258 MCA.

evidentiary hearing, ADOPT the PF&RD, DENY the § 2255 Motion, and DISMISS the action with prejudice.

On April 23, 2015, Petitioner filed a Motion for Release Pending Final Disposition of Motions to Vacate, Set Aside, or Correct Sentence.  [CV Doc. 29; CR Doc. 342].  Petitioner subsequently filed a Motion for Leave to Conduct Discovery on April 24, 2015.  [CV Doc. 30; CR Doc. 343].  As this action will be dismissed, both motions will be DENIED as moot.

## BACKGROUND

Petitioner is a convicted tax evader.  *United States v. Melot*, 732 F.3d 1234, 1236 (10th Cir. 2013).  Petitioner failed to file income tax returns after 1986 and failed to pay any federal income taxes since 1984, despite having received substantial income from his various businesses and rental properties in the same years.  *Id.* at 1236–37, 1239.  Overwhelming evidence demonstrated that Petitioner's behavior was willful.  *Id.* at 1241.  Moreover, between 1996 and 2009, Petitioner falsified applications for farm subsidies to the U.S. Department of Agriculture[2] ("USDA") to obtain money to which he was not entitled.  *Id.* at 1239.

On August 11, 2009, Petitioner was charged by indictment with corruptly endeavoring to impede the administration of the Internal Revenue Code, in violation of 26 U.S.C. § 7212(a) (Count 1); willfully attempting to evade or defeat tax, in violation of 26 U.S.C. § 7201 (Count 2); willfully failing to file a tax return, in violation of 26 U.S.C. § 7203 (Counts 3–8); and making a false statements to the USDA, in violation of 15 U.S.C. § 714m(a) (Counts 9–15).  Indictment [CR Doc. 2].  Petitioner pleaded not guilty on all charges.  *Melot*, 732 F.3d at 1236.

---

[2] Petitioner made false statements to the U.S. Commodity Credit Corporation, a Federal corporation within the USDA.

A 4-day jury trial was held before this Court in April of 2010. *Id.* The jury found Petitioner guilty on all fifteen counts. Redacted Jury Verdict [CR Doc. 79].

Petitioner was sentenced to a term of 60 months' imprisonment. *Melot*, 732 F.3d at 1240. He was also ordered to pay $18,493,098.51 in restitution to the Internal Revenue Service ("IRS"), as well as $226,526 in restitution to the USDA. Judgment [CR Doc. 208] at 6.

Petitioner appealed on various grounds,[3] and the United States cross-appealed, [CR Doc. 217]. The Tenth Circuit Court of Appeals affirmed the convictions but remanded for resentencing because it found that Petitioner had not been entitled to the acceptance-of-responsibility sentence reduction under U.S.S.G. § 3E1.1. *Melot*, 732 F.3d at 1245. The Tenth Circuit found that, at trial, Petitioner "challenge[d] the mens rea element of the crimes charged in the indictment. He steadfastly maintained he did not commit the crimes charged because he did not act willfully." *Id.* at 1244–45. Accordingly, the Tenth Circuit found that Petitioner had not accepted responsibility for his criminal conduct, and thus application of the § E1.1 downward adjustment was clearly erroneous. *Id.* at 1245.

On February 7, 2014, this Court resentenced Petitioner to a total of 14 years' (168 months') imprisonment. Amended Judgment [CR Doc. 310] at 3. Restitution was ordered in the amounts of $18,469,988.51 to the IRS and $226,526.00 to the USDA. *Id.* at 6. Petitioner filed no appeal as to his resentencing.

On September 23, 2014, Petitioner filed a Motion under 28 U.S.C. § 2255 [CV Docs. 1, 2; CR Docs. 316, 317]. Plaintiff/Respondent (hereinafter "the Government") responded

---

[3] Petitioner initially filed a pro se Notice of Appeal [CR Doc. 85], executed on May 5, 2010, following his conviction and prior to sentencing. The Tenth Circuit abated the appeal pending this Court's judgment and sentencing. [CR Doc. 88]. The Tenth Circuit lifted the abatement of the appeal on September 15, 2011, following this Court's entry of judgment against Petitioner. [Doc. 213].

on November 19, 2014.  [CV Doc. 14; CR Doc. 326].  Petitioner replied on December 9, 2015. [CV Doc. 15; CR Doc. 327].  Petitioner then filed various amendments to his Motion, which are construed as supplements.  [CV Docs. 19, 20, 22, and 23; CR Docs. 330, 333, 335, and 336]. The Government did not respond to Petitioner's supplements.

Judge Vidmar issued his PF&RD on April 20, 2015.  [CV Doc. 28; CR Doc. 341].  He found each of Petitioner's claims to be meritless, *id.* at 4–45, and recommended that the action be dismissed with prejudice, *id.* at 45.  Petitioner timely objected to several portions of the PF&RD on June 3, 2015.  [CV Doc. 37; CR Doc. 350].

<u>**STANDARD OF REVIEW FOR OBJECTIONS**</u>
<u>**TO MAGISTRATE JUDGE'S RECOMMENDATIONS**</u>

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which is objection is made." 28 U.S.C. § 636(b)(1). "[O]bjections to the magistrate judge's report must be both timely and specific to preserve an issue for de novo review by the district court[.]"  *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

<u>**ANALYSIS**</u>

In his § 2255 Motion, Petitioner alleges an exhaustive list of constitutional violations concerning all aspects of his criminal proceedings, from indictment to resentencing. Judge Vidmar found all claims to be meritless and recommended dismissal with prejudice. Petitioner now "objects to all adverse rulings in the Findings and Recommended Disposition . . . ."  [CV Doc. 37] at 1.  This Court reviews de novo the portions to which Petitioner objects specifically.  *See One Parcel of Real Property*, 73 F.3d at 1060.

Petitioner also requests an evidentiary hearing on the portions of the PF&RD to which he objects.  [CV Doc. 37] at 3, 5, 6, 7.  An evidentiary hearing is unnecessary because the issues in the § 2255 Motion can be resolved on the record.  *See Anderson v. Attorney Gen. of Kan.*, 425 F.3d 853, 858−59 (10th Cir. 2005) (where a petition can be resolved on the record, an evidentiary hearing is unnecessary).  Accordingly, Petitioner's request for an evidentiary hearing is denied.

## I.      Statute of Limitations Claims

In the § 2255 Motion, Petitioner raises two claims based on the statute of limitations: (1) that that the District Court did not have subject matter jurisdiction over the offenses charged in the indictment because they occurred beyond the statute of limitations period, [CV Doc. 19] at 5−7, and (2) that the prosecution of Counts 1 and 2 was barred by the applicable statute of limitations, and the resulting judgments and sentence were therefore unconstitutional, *id.* at 17−18.  Judge Vidmar found that the Government's prosecution of all counts in the indictment was timely, and, therefore, neither claim based on the statute of limitations has merit.  [CV Doc. 28] at 4−7.  Petitioner now submits various objections to this portion of the PF&RD.  [CV Doc. 37] at 1−3.  Petitioner's arguments are unavailing, and the objections will be overruled.

First, Petitioner claims that Judge Vidmar improperly "dr[ew] conclusions from the December 20, 2010, Motion to Vacate (Doc. 155(cr)) which echo[es] the Statute of Limitations claim in the instant proceedings."  [CV Doc. 37] at 1−2.  Petitioner argues that Judge Vidmar "erred by drawing conclusions from the earlier . . . proceedings because those proceedings were not adjudicated on the merits of the pleadings, . . . [and Judge Vidmar] made [f]indings on pleadings which were not litigated."  *Id.*  Petitioner's assertions as to Judge Vidmar's findings and conclusions are simply inaccurate.  In the PF&RD, Judge Vidmar commented that

Petitioner's claim concerning the statute of limitations echoes an argument in an earlier filing (which was ultimately struck). *See* [CV Doc. 28] at 5 n.7. Judge Vidmar noted that the Government's responsive arguments made during the criminal proceedings are useful in the present habeas proceedings. However, Judge Vidmar did not rely on the earlier filings or make findings on the earlier filings. Nor did the PF&RD "apply an adverse ruling to reject [Petitioner's] claim," as Petitioner now contends. *See* [CV Doc. 37] at 2. Rather, Judge Vidmar analyzed Petitioner's claims concerning the statute of limitations thoroughly and made findings on them. *Id.* at 4–7. In doing so, he relied on the indictment and the jury instructions. [Doc. 28] at 5–7. Petitioner's argument is unavailing, and his objection is overruled.

Second, Petitioner contends that Judge Vidmar "declined to reach a conclusion" on his claim that the Court lacked subject matter jurisdiction because the statute of limitations had expired. [CV Doc. 37] at 2. However, no such finding was required because Judge Vidmar determined that the statute of limitations, in fact, had not expired. Judge Vidmar declined to determine whether the statute of limitations acts as a jurisdictional bar in this case because he found that the Government's prosecution was timely. *See* [CV Doc. 28] at 5. Judge Vidmar found that "*neither claim* based on the statute of limitations is meritorious," including Petitioner's claim that the District Court lacked subject matter jurisdiction over the offenses based on a statute of limitations argument. *Id.* at 7. No further discussion of subject matter jurisdiction was necessary given Judge Vidmar's finding that the Government's prosecution was timely. Petitioner's objection as to Judge Vidmar's failure to address his subject matter jurisdiction claim is overruled.

Third, Petitioner contends that Judge Vidmar incorrectly analyzed the statute of limitations by "failing to address the claims of actual dates that the Statute of Limitation [c]ommenced and [e]xpired[.]" [CV Doc. 37] at 2. He argues that Judge Vidmar "erred by drawing affirmative dates from the onset of the Indictment, rather than drawing and applying the affirmative dates from the date of the offense[.]" *Id.* Petitioner takes issue with Judge Vidmar's analysis concerning "affirmative acts of evasion," which concerns the statute of limitations analysis for Count 2 of the indictment. *Id.* He argues that Judge Vidmar's analysis is insufficient for "not fully considering the record and drawing [f]indings based on conclusory allegations, without supporting [f]actual averments . . . ." *Id.* at 2–3. And he contends that a Government "admission" in the pre-sentence report demonstrates that the Government failed to prosecute his case earlier, even though "the [G]overnment had the case ready for prosecution prior to 2000." *Id.* at 2.

On de novo review, this Court finds that the Government's prosecution was timely and will overrule Petitioner's third objection relating to the statute of limitations analysis. The charge of corruptly impeding the due administration of the IRS under 26 U.S.C. § 7212(a) (Count I) was timely. The statute of limitations for such offenses is six years. 26 U.S.C. § 6531(6) (assigning a six-year limitations period to "the offense described in [§] 7212(a) (relating to intimidation of officers and employees of the United States)"). The Court instructed the jury to consider the statute of limitations when considering Count 1. Jury Instruction No. 6 [CR Doc. 82] at 16 ("You must also find that at least one of the acts that makes up the wrongful endeavor occurred on or after August 11, 2003 . . . ."). In finding Petitioner guilty of Count I,

the jury found that at least one act that was part of the wrongful conduct alleged in Count 1 occurred on or after August 11, 2003. *See id.* Accordingly, prosecution of Count 1 was timely.

The charge of tax evasion under 26 U.S.C. § 7201 (Count 2) was timely. The statute of limitations is six years. 26 U.S.C. § 6531(2) ("[T]he period of limitation shall be 6 years . . . for the offense of willfully attempting in any manner to evade or defeat any tax or the payment."). Generally, the limitations period begins to run from the latter of the due date of the tax return or the last affirmative act of evasion. *See United States v. Payne*, 978 F.2d 1177, 1179 n.2 (10th Cir. 1992). In cases in which the defendant commits an affirmative act of evasion after the statutory due date, the limitations period begins to run from the date of the last such act of evasion. *United States v. Anderson*, 319 F.3d 1218, 1219 (10th Cir. 2003). Thus, the limitations period may be extended beyond six years from the time filing was required (or unpaid taxes were due). *See id.* Here, the Government claimed that Petitioner committed affirmative acts of evasion well within the six years preceding the criminal indictment. *See* [CR Doc. 2] at 7–8. Additionally, the Court instructed the jury to consider the statute of limitations when considering the charge of tax evasion. Jury Instruction No. 11 [CR Doc. 82] at 23 ("As with Count 1, you must also find that at least one of the acts that makes up the wrongful endeavor occurred on or after August 11, 2003 . . . ."). In finding Petitioner guilty, the jury found that at least one act of evasion occurred on or after August 11, 2003. *See id.* Accordingly, the Government's prosecution of Count 2 was timely.

The charges of failure to file personal income tax returns under 26 U.S.C. § 7203 (Counts 3–8) were timely. The statue of limitations is six years. 26 U.S.C. § 6531(4) (assigning a six-year period of limitations "for the offense of willfully failing to pay any tax, or make any

return . . . at the time or times required by law or regulations"). The statute of limitations begins

to run on the date the tax return is due. *Id*; *see United States v. Phillips*, 843 F.2d 438, 443 (11th

Cir. 1988). The indictment charged Petitioner with failing to file his 2003 through 2008 tax

returns (corresponding with Counts 3 through 8, respectively). [CR Doc. 2] at 9–10. Petitioner's

2003 tax return was due April 15, 2004, so the statute of limitations expired on April 15, 2010.

*See* [CR Doc. 157] at 4. Petitioner was indicted on August 11, 2009. [CR Doc. 2]. The

prosecution of Counts 3–8 for Petitioner's failure to file his 2003 through 2008 tax returns was

therefore timely.

In summary, the Government's prosecution was timely.[4] Petitioner's argument

concerning the Government "admission" in the pre-sentence report is irrelevant. Petitioner's

third objection as to the statute of limitations analysis is overruled.

Fourth, Petitioner contends that Judge Vidmar "failed to construe [his §] 2255 pleading

liberally" concerning the statute of limitations claims. [CV Doc. 37] at 3. This Court disagrees

and finds that Judge Vidmar appropriately construed Petitioner's arguments. The objection will

be overruled.

Finally, Petitioner takes issue with Judge Vidmar's findings concerning his allegation of

"government misconduct" relating to the Government's alleged failure to timely prosecute. [CV

Doc. 37] at 3. In his original argument concerning the statute of limitations, Petitioner

contended: "Is it not now considered heavy handed to prosecute and convict [Petitioner] beyond

the Statute of Limitations? Clearly, this meets the threshold of government misconduct,

---

[4] Petitioner's objections do not appear to contest Judge Vidmar's findings as to the timeliness of the charges of
making false statements to the U.S. Commodity Credit Corporation under 15 U.S.C. § 714m(a) (Counts 9–15).
Accordingly, the Court will not review that portion of the PF&RD de novo.

including vindictive prosecution." [CV Doc. 19] at 6. Judge Vidmar found that to the extent Petitioner's assertion could be construed as a separate claim for prosecutorial misconduct, such allegations were conclusory and without merit. [CV Doc. 28] at 4 n.6. Petitioner now objects, arguing that the claim was not conclusory because it "was supported by admission by the [G]overnment[,] and clearly meets the threshold of government misconduct, including vindictive prosecution." [CV Doc. 37] at 3. On de novo review, this Court finds that Petitioner's allegation, if considered a separate claim for prosecutorial misconduct, is conclusory and without merit. Petitioner's objection is overruled.

## II.     Alleged Juror Bias/Misconduct

In his § 2255 Motion, Petitioner claims that "juror misconduct tainted the jury members to such a degree that the constitutional standards of impartiality were not met." [CV Doc. 19] at 8. Petitioner alleges that, as he was exiting the courthouse one evening during the trial and prior to jury deliberations, a juror approached him speaking in broken English. *Id.* Petitioner alleges that he was unable to help the juror directly "due to the language barrier." *Id.* at 9. He argues that his right to an impartial jury was violated as a result of this encounter because, *inter alia*, "[t]he encounter between the Juror and [Petitioner] could have caused bias against [Petitioner because] it appeared that [Petitioner] was unwilling to assist the Juror because [Petitioner] could not communicate effectively with the Juror."[5] *Id.* Judge Vidmar found Petitioner's arguments unavailing and his claim to be meritless. [CV Doc. 28] at 9–11. Petitioner now objects to Judge Vidmar's recommended disposition concerning juror bias on a number of grounds.

---

[5] Petitioner advanced the same arguments in his pro se Motion for Mistrial [CR Doc. 98], filed June 16, 2010. The Court struck the motion on September 2, 2010, on unrelated grounds. [CR Doc. 119].

First, Petitioner suggests that the Court should have excused the allegedly biased juror or held a post-trial hearing on the matter.  [CV Doc. 37] at 3–4.  Petitioner failed to raise this argument in his § 2255 Motion.  Accordingly, the argument is waived.  *See, e.g.*, *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived.").

Second, Petitioner argues that the PF&RD "misapplied the law and misapprehended the [f]acts" in stating that Petitioner "has not alleged that the juror indicated any sort of bias against him during the encounter."  [CV Doc. 37] at 4 (quoting [CV Doc. 28] at 11).  Petitioner contends that, on the contrary, he "continuously stated such."  *Id.* (citing [CV Doc. 19] at 8–10).

Petitioner's objection will be overruled.  "The right to trial by an impartial jury is a fundamental concept of due process."  *Burton v. Johnson*, 948 F.2d 1150, 1155 (10th Cir. 1991).  However, the showing required to establish juror bias is a high bar.  To show juror bias, a petitioner "must show that the juror had such a fixed opinion that he or she could not judge impartially."  *Hale v. Gibson*, 227 F.3d 1298, 1319 (10th Cir. 2000) (citing *Irvin v. Dowd*, 366 U.S. 717, 722–23 (1961)).  As discussed in the PF&RD, Petitioner's encounter with the juror did not concern any matter pending before the jury.  *Cf. Smith v. Phillips*, 455 U.S. 209, 227 (1982) ("[A]ny communication [by a third party] with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudicial." (internal quotation marks omitted)).  Despite Petitioner's objection to the contrary, Petitioner has not alleged that the *juror* indicated any sort of bias against him during the encounter or at any time.  Petitioner speculated as to the juror's bias and argued in his § 2255 Motion that "the encounter raised a substantial question (if) the Jury member had become biased against [Petitioner] and (if) such

bias was carried over to other Jury Members . . . ."  [CV Doc. 19] at 9.  However, Petitioner has offered nothing to show that the *juror* indicated any bias against him during or after the encounter.  Moreover, Petitioner has made no showing that, as a result of the encounter, the juror had *such a fixed opinion* that he could not judge impartially.  *See Hale*, 227 F.3d at 1319.  Petitioner's argument is unavailing, and his objection is overruled.

Finally, Petitioner argues that trial counsel was ineffective in failing to follow up on his (ultimately stricken) pro se Motion for Mistrial [CR Doc. 98], which advanced the same arguments as his claim for juror bias here.  [CV Doc. 37] at 4.  Petitioner contends that counsel's "failure to pursue this avenue" prejudiced him, "because once the defendant claims prejudice, the burden shifts to the government to prove that the Juror's conduct does not have a prejudicial effect on defendant and did not impact the Jury."  *Id.*  Petitioner advanced this argument as a separate claim in his § 2255 Motion, claiming—without further support—that counsel was ineffective "by failing to properly File a Motion for Mistrial for Juror Misconduct after Defendant's Pro Se Motion was stricken based on Hybrid representation."  [CV Doc. 19] at 9.  Judge Vidmar rejected this claim for ineffective assistance of counsel as conclusory and found it to be without merit.  [CV Doc. 28] at 44 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).  On de novo review, the Court finds that Petitioner's claim of ineffective assistance for counsel's failure to follow up on his pro se Motion for Mistrial is entirely conclusory.  His argument is unavailing, and the objection is overruled.

## III.   Jury Instruction Concerning Total Assessment of Tax Liability Owed by Petitioner

In his § 2255 Motion, Petitioner claims that the Court "erred by instructing the Jury that the total Assessment[s] of Tax Liability owed by [Petitioner] were valid as a matter of Law."

[CV Doc. 19] at 10.  Petitioner contends that the ruling "wrongfully shifted he burden of proof to [Petitioner]" and violated his right to Due Process.  *Id.*  Judge Vidmar found Petitioner's claim to be meritless.  [CV Doc. 37] at 11–12.  Petitioner now objects.[6]  He argues that Judge Vidmar failed "to give any legal precedence [sic] to support the conclusion" that the claim was meritless. [CV Doc. 37] at 4.  Petitioner reiterates his prior arguments, contending that the validity of tax assessments was an essential element to his case, and that the Court violated his Due Process rights in instructing the jury on the validity of tax assessments as a matter of law.  *Id.*

Petitioner's objection will be overruled.  Petitioner cites to no specific portion of the jury instructions to support his claim.  Moreover, the Court finds none.  Indeed, nowhere in the Court's Jury Instructions [CR Doc. 82] did the Court instruct the jury that "the total assessment of tax liability . . . [was] valid as a matter of law" or, as Petitioner also phrases it, "that assessments in prosecution for evasion of income tax were valid as a matter of law."  *See* [CV Doc. 19] at 10.  Petitioner's claim is simply unfounded.  Accordingly, Petitioner's objection as to the alleged jury instruction concerning total assessment of tax liability is overruled.

## IV.    Sufficiency of the Indictment

In his § 2255 Motion, Petitioner claims that his criminal indictment was constitutionally insufficient.  [CV Doc. 19] at 12–17; *see* Redacted Indictment [CR Doc. 2].  Judge Vidmar examined the indictment as to all fifteen counts against Petitioner and found that the indictment was constitutionally sufficient.  [CV Doc. 28] at 12–17.  Accordingly, Judge Vidmar found

---

[6] Petitioner argues that "the District Court erred by instructing the *or allowing the jury to believe by comments made by the prosecutor* that the total Assessment of Tax Liability owed by Melot were valid as a matter of law."  [CV Doc. 37] at 4.  In his § 2255 Motion, Petitioner claims that the Court erred in allowing certain jury instructions; he does not argue that the Court allowed the jury to believe certain comments made by the prosecution.  To the extent that Petitioner is asserting an argument or claim based on comments made by the prosecutor—rather than jury instructions—it is waived.  *See, e.g.*, *Garfinkle*, 261 F.3d at 1031 ("[T]heories raised for the first time in objections to [a PF&RD] are deemed waived.").

Petitioner's claim to be meritless.  *Id.*  Petitioner now objects to Judge Vidmar's recommended disposition.  [CV Doc. 37] at 5.  Petitioner broadly asserts that "he challenged all aspects of the Indictment," but that Judge Vidmar "[f]ailed to address each challenge."  *Id.*  He contends that Judge Vidmar's "decision not to rule on each claim" effectively "denied [him] his right to make a proper showing and create a record for Appeal."  *Id.*

Petitioner's objection is conclusory and is not sufficiently specific to focus the Court's attention on the issue in dispute.  *See One Parcel of Real Property*, 73 F.3d at 1060.  Petitioner offers no explanation as which challenges to the indictment went unaddressed, and the Court finds none.  Indeed, the PF&RD thoroughly addressed the sufficiency of all fifteen counts in the indictment.  *See* [CV Doc. 28] at 12–17.  The objection is therefore overruled.

**V.        Restitution and Claims for Ineffective Assistance of Counsel Concerning Restitution**

In his § 2255 Motion, Petitioner claims that the sentence imposing restitution is illegal and should be vacated.  [CV Doc. 20].  He also argues that the restitution order was imposed in violation of his right to effective assistance of counsel.  [CV Doc. 21] at 2–3; [CV Doc. 22] at 11–15.  Judge Vidmar found that neither the restitution claim nor the ineffective-assistance-of-counsel claims concerning restitution are cognizable in Petitioner's habeas proceeding.  [CV Doc. 28] at 17–18, 41–43.

Petitioner now objects to the recommended disposition, arguing that such claims are cognizable in a motion under § 2255.  [CV Doc. 37] at 5–6.  Petitioner contends that his claims are cognizable because "the sentence and Restitution Order was imposed in violation of the laws of the United States and by ineffective assistance of counsel for not objecting[,] which led to sentencing errors by imposing Restitution."  *Id.* at 5.

On de novo review, Petitioner's objection is overruled.  A habeas proceeding is "an attack by a person in custody upon the legality of that custody."  *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  A challenge to the restitution portion of a prisoner's sentence does not challenge custody.  *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) ("[T]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes.") (quoting *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003)) (internal quotation marks omitted); *see Kirby v. Janecka*, No. 09–2097, 2010 WL 2075414, *1 (10th Cir. May 25, 2010) (finding that the habeas petitioner's claim "fail[ed] to satisfy the substance requirement" of the federal habeas statute because the "claim challenges only the validity of the state court's restitution order, not his custody").  Accordingly, a challenge to a restitution order is not cognizable in a § 2255 petition. *Mamone v. United States*, 559 F.3d 1209, 1211 (11th Cir. 2009) ("[The petitioner] cannot utilize § 2255 to challenge his restitution."); *Kaminski v. United States*, 339 F.3d 84, 88 (2d Cir. 2003) ("A convicted defendant who receives an allegedly erroneous fine . . . cannot seek post-conviction relief under § 2255[.]"); *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003) ("We join a majority of circuits in holding that a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255[.]"); *United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (holding that the habeas petitioner could not collaterally attack his restitution order in a § 2255 motion because while "[c]laims seeking release from custody can be brought under § 2255[,] claims seeking other relief cannot"); *Smullen v. United States*, 94 F.3d 20, 26 (1st Cir. 1996) ("[W]e hold that [the petitioner] cannot challenge his restitution obligation in this

§ 2255 proceeding."); *see Erlandson*, 528 F.3d 785, 788 (challenge to restitution is not cognizable in a petition under § 2254); *Satterfield v. Scibana*, 275 F. App'x 808, 810 (10th Cir. 2008) (challenge to restitution is not cognizable in a petition under § 2241); *but see Weinberger v. United States*, 268 F.3d 346, 351 n.1 (6th Cir. 2001) (finding an ineffective assistance of counsel claim regarding restitution to be cognizable under § 2255).

Likewise, a challenge to a restitution order brought under the guise of an ineffective assistance of counsel claim is not cognizable in a habeas petition because it does not seek release from custody. *Kaminski*, 339 F.3d at 85 n.1 (2d Cir. 2003) ("[E]ven if [the petitioner] could show that his counsel was constitutionally defective in handling the restitution order, we believe that the district court was without subject matter jurisdiction to grant the petition on that basis."); *Thiele*, 314 F.3d at 402; *Smullen*, 94 F.3d at 26; *but see Weinberger*, 268 F.3d at 351 n.1.

Petitioner's challenge to the restitution order and his ineffective-assistance-of-counsel claims concerning the restitution order are not cognizable in this habeas proceeding. Petitioner's objection is overruled.

## VI.    Ineffective-Assistance-of-Counsel Claims

Petitioner's § 2255 Motion asserts numerous claims for ineffective assistance of his trial counsel and appellate counsel. Judge Vidmar applied the standard for ineffective-assistance-of-counsel claims set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). [CV Doc. 28] at 19−21 (explaining the two-pronged *Strickland* standard). Judge Vidmar found each of Petitioner's claims to be meritless, as none satisfied the *Strickland* standard. *Id.* at 21–43.

Petitioner objects broadly to Judge Vidmar's application of the *Strickland* standard as to all ineffective-assistance-of-counsel claims. [CV Doc. 37] at 6–7. He contends that he

"substantively proved that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced [him], resulting in an unreliable or [f]undamentally unfair outcome in the proceedings[.]" *Id.* at 6.  He further argues that the PF&RD "[f]ailed to properly determine whether counsel's performance was ineffective by not considering the totality of the circumstances[.]" *Id.* at 6–7. Finally, Petitioner contends that Judge Vidmar "improperly interpreted the prejudice prong," specifically by "generaliz[ing] [Petitioner's] showing that if [he] had effective assistance of counsel, the proceedings would have been different." *Id.* at 7.  Petitioner argues that the PF&RD "[f]ailed to properly examine all [of Petitioner's] claims and whether counsel's ineffective assistance deprived [Petitioner] of a substantive right which the law entitles him to." *Id.*

Petitioner's arguments are unavailing.  First, Petitioner's objection is conclusory and is not sufficiently specific to focus the Court's attention on the claims and issues in dispute.  *See One Parcel of Real Property*, 73 F.3d at 1060.  Petitioner takes issue with Judge Vidmar's application of the *Strickland* standard, but he points to no specific portion of the PF&RD to which either prong has been misapplied.  Moreover, the Court finds that Judge Vidmar did apply the *Strickland* standard correctly as to both prongs.  Petitioner makes no showing as to how either the performance or prejudice prong was applied incorrectly, and the Court finds none. Petitioner's objection as to the proposed disposition concerning his ineffective-assistance-of-counsel claims is overruled.

## VII.   <u>Cumulative Error</u>

In his § 2255 Motion, Petitioner claims that the cumulative effect of each individual deficiency deprived him of a fair trial.  [CV Doc. 2] at 24; [CV Doc. 19] at 12; *see* Reply [CV

Doc. 15] at 7–8.  Judge Vidmar found this claim to be meritless.  [CV Doc. 28] at 43.  Petitioner objects on the grounds that Judge Vidmar failed to aggregate the errors alleged.  [CV Doc. 37] at 7.  The objection will be overruled.

As Petitioner correctly contends, "[a] cumulative-error analysis aggregates all errors found to be harmless and analyzes whether their cumulative effect on the outcome of the trial is such that collectively they can no longer be determined to be harmless."  *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003) (internal quotation marks omitted).  Such an analysis may be applicable in instances of "legally diverse claims."  *Id.* at 1207.  However, the cumulative-error analysis "does not apply to the cumulative effect of non-errors."  *Smith v. Jones*, 226 F. App'x 814, 816 (10th Cir. 2007) (upholding the rejection of a claim for cumulative error) (quoting *Moore v. Reynolds*, 153 F.3d 1086, 1113 (10th Cir. 1998)).  That is, there can be no cumulative error analysis where a court has found no errors to aggregate.  *See id.*

In the PF&RD, Judge Vidmar found no error—harmless or otherwise—on which to base a cumulative error analysis.  Nor has this Court found any error in reviewing the portions of the PF&RD to which Petitioner objects.  Accordingly, there are simply no errors to aggregate in a cumulative error analysis.  Petitioner's objection is overruled.

**VIII.** **All Other Claims Denied as Conclusory**

In his § 2255 Motion, Petitioner alleges—without support—various other deprivations of his constitutional rights that allegedly arose during his criminal proceedings.

In his September 23, 2014 Motion and March 2, 2015 supplement, Petitioner claims that trial counsel engaged in scant, if any, pre-trial investigation and trial preparation, apart from the procedures required by the Court. [CV Doc. 1] at 5; [CV Doc. 22] at 3.

18

In his Reply, Petitioner alleges various failures of trial counsel including, *inter alia*: failure to investigate; failure to investigate witnesses; failure to suppress evidence, failure to properly impeach witnesses; failure to lodge a sufficient objection to the prosecutor's closing argument; improperly siding with Petitioner's guilt during opening statements; failure to properly submit jury instructions; failure to present the primary line of defense at trial; failure to object to the prosecutor's remarks of Petitioner being a tax protestor.  [CV Doc. 15] at 2; *see* [CV Doc. 19] at 4.

In his February 5, 2015 supplement, Petitioner contends that his sentence was imposed in violation of law; resulted from an incorrect application of the sentencing guidelines; was greater than the sentence specified in the applicable guideline range; and departed from the applicable guidelines.  [CV Doc. 19] at 4.  Petitioner also offers a laundry-list of reasons why his trial counsel was constitutionally ineffective.  *Id.* at 10–12 (items a.–n. under the heading "Whether Defendant was Deprived of Effective Assistance of Counsel During Pretrial and Trial Proceedings").

The PF&RD rejected these assertions as conclusory to the extent that any could be considered a separate claim and found them to be without merit.  [CV Doc. 28] at 44–45 (citing *Hall*, 935 F.2d at 1110 ("Conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.")).  Petitioner objects on the ground that Judge Vidmar failed to "properly review [his] additional claims alleged, effectively denying [him of] a meaningful hearing/review."  [CV Doc. 37] at 7.  He contends that the "[f]ailure to give proper explanation for rejecting them prohibits the District Court from 'adopting' a report that gives no basis for its conclusion."  *Id.* at 7–8.

Petitioner's objection will be overruled.  To the extent that any of the above-mentioned assertions could be considered a separate claim, they are entirely conclusory and, thus, without merit.  Petitioner offers no explanation or analysis as to any of the assertions.  And he offers nothing now to show that his laundry-lists of allegations are more than conclusory.  Moreover, the PF&RD *did* properly address Petitioner's allegations and provide a valid reason for finding them meritless: the PF&RD rejected them as conclusory.  The Court is not prohibited from adopting this conclusion.  Thus, Petitioner's objection is overruled.

### Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Petitioner's objections [CV Doc. 37; CR Doc. 350] are **OVERRULED**, his request for an evidentiary hearing is **DENIED**, and the Magistrate Judge's Proposed Findings and Recommended Disposition [CV Doc. 28; CR Doc. 341] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion under 28 U.S.C. § 2255 [CV Docs. 1, 2; CR Docs. 316, 317] and supplements [CV Docs. 19, 20, 22, and 23; CR Docs. 330; 333; 335, and 336] are **DENIED**, and the case is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Release Pending Final Disposition Motions to Vacate, Set Aside, or Correct Sentence [CV Doc. 29; CR Doc. 342] is **DENIED AS MOOT**, because the action is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Conduct Discovery [CV Doc. 30; CR Doc. 343] is **DENIED AS MOOT**, because the action is dismissed with prejudice.

**IT IS SO ORDERED.**

**M. CHRISTINA ARMIJO**
**Chief United States District Judge**